J. GOLDMAN & COMPANY, INC., v. TRANNIE CRANK, SUSIE CRANK,
W. D. TAYLOR ET AL.

(Filed 18 February, 1931.)

1. **Evidence J a—Party claiming under contract may not introduce parol evidence contradicting the terms of the written instrument.**

One who claims under a written contract, though not a party thereto, is bound by its terms, and may not introduce parol evidence contradicting the provisions of the written instrument.

2. **Fraudulent Conveyances A c—Purchaser of bulk of property of insolvent is not liable for insolvent's debts in absence of agreement.**

The vendors of a shoe shop sold their business under a written agreement that they, the vendors, would pay the outsanding obligations of the business. One of the creditors of the business at the time of the transfer sued to recover from the purchaser the amount of the indebtedness, and offered evidence tending to contradict the writing and holding the purchaser liable: *Held*, the parol evidence is inadmissible, and the question of whether the bulk-sales statute had been complied with was immaterial, C. S., 1013, since under the provisions of the statute the creditor, at most, would be entitled to have the transfer set aside, but not to hold the purchaser personally liable.

APPEAL by plaintiff from *Harris, J.,* at November Term, 1930, of PASQUOTANK. Affirmed.

This is an action to recover on an account for articles of personal property sold and delivered, during the year 1928, by plaintiff to defendants, Trannie Crank and Susie Crank, and used by said defendants in carrying on their business known as "Crank's Shoe Shop."

From judgment by default final that plaintiff recover of said defendants the amount of said account, there was no appeal.

On 10 May, 1930, the defendants, Trannie Crank, and Susie Crank, sold their shoe shop to the defendant, W. D. Taylor. It is alleged in the complaint that the said defendant, W. D. Taylor, agreed with the defendants, Trannie Crank and Susie Crank, that he would pay the account due at the date of said sale to the plaintiff, as part of the purchase price for said shoe shop. This allegation is denied in the answer of the defendant, W. D. Taylor.

The bill of sale for said shoe shop, which is in writing, was offered in evidence at the trial by the plaintiff. It is provided therein that the defendants, Trannie Crank and Susie Crank, vendors, shall pay "all bills then due by the shop." Plaintiff offered parol testimony tending to show that defendant, W. D. Taylor, agreed to pay the bill due to the plaintiff, as alleged in the complaint.

It is further alleged in the complaint that the defendants, Trannie Crank and Susie Crank, failed to comply with the provisions of C. S.,

1013, known as the "Bulk Sales Statute," prior to the sale of said shoe shop to the defendant, W. D. Taylor. There was no evidence at the trial tending to show such compliance.

From judgment dismissing the action as to the defendant, W. ·D. Taylor, plaintiff appealed to the Supreme Court.

*McMullan & LeRoy for plaintiff.*
*M. B. Simpson for defendants.*

PER CURIAM. The principle on which it is uniformly held in this State that parol testimony is not admissible as evidence to contradict or alter the terms of a written instrument, in an action between the parties to the instrument, is well settled. *Lytton Mfg. Co. v. House Mfg. Co.,* 161 N. C., 430, 77 S. E., 233. This principle is applicable in the instant case, for the plaintiff, although not a party to the bill of sale, is claiming under the contract between the defendants, Trannie Crank and Susie Crank, and the defendant, W. D. Taylor.

It is immaterial that the provisions of C. S., 1013, known as the "Bulk Sales Statute," were not complied with in the instant case. If the statute was applicable to the sale of the shoe shop, it does not follow that the defendant, W. D. Taylor, as purchaser of the "Crank Shoe Shop," became personally liable for the debts of the defendants, Trannie Crank and Susie Crank, the vendors, contracted by them in carrying on their business, as the result of noncompliance with its provisions. At most, the sale of the shop was void as to the plaintiff, who was a creditor of the vendors at the date of the sale.

There was no evidence at the trial of this action tending to show that the defendant, W. D. Taylor, is personally liable to plaintiff, on the account, for articles of personal property sold and delivered by plaintiff to the defendants Trannie Crank and Susie Crank. There is, therefore, no error in the judgment dismissing the action as to the defendant, W. D. Taylor. The judgment is

Affirmed.