MRS. LOUISE TSCHEILLER v. NATIONAL WEAVING COMPANY, INCORPORATED, AND BANKS McARVER.

(Filed 23 November, 1938.)

**1. Master and Servant § 38—**

Where it is alleged in the complaint that the corporate defendant employed several hundred employees, including plaintiff, it will be presumed that the parties have accepted the provisions of the Workmen's Compensation Act and are bound thereby. Sec. 4, ch. 120, Public Laws of 1929; Michie's Code, 8081 (k).

15—214

2. **Master and Servant § 49—**

The rights and remedies granted to an employee who has accepted and is bound by the provisions of the Workmen's Compensation Act are exclusive of all other rights and remedies of such employee as against his employer, at common law or otherwise. Ch. 449, Public Laws of 1933; Michie's Code, 8081 (r).

3. **Master and Servant § 40a—**

An injury by accident resulting from the negligence of a fellow employee, occurring while the injured employee is engaged in his master's business and within the scope of his employment, is, as to the injured employee, an accident arising out of and in the course of his employment.

4. **Same—**

The purpose of the Workmen's Compensation Act is not to absolve the employer from liability for negligence, but to render him liable for compensation for injuries by accident compensable thereunder regardless of whether the accident is caused by negligence or not.

5. **Master and Servant § 49—Complaint held to allege cause within jurisdiction of Industrial Commission, and demurrer was properly sustained.**

The complaint alleged that defendant corporation was engaged in the textile manufacturing business, in which it employed several hundred employees, and also in the business of selling sandwiches and cold drinks to its employees for profit, and that less than five employees were employed in selling the food, that the food was sold employees while they were engaged in the performance of their duties in the mill, and that employees were sold books or meal tickets for use in purchasing the food, that plaintiff was injured by eating a spoiled sandwich, and that defendant and its employees engaged in selling the food were negligent in failing to take proper precautions for the preservation and inspection thereof. *Held:* The risks incident to the purchase of the food were not common to the public, but were peculiar to the employees of the company, and defendant employer's motion to dismiss should have been sustained, since the Industrial Commission has exclusive jurisdiction of plaintiff's claim against the employer.

6. **Same—Employee may sue negligent fellow employee at common law.**

When a complaint alleges injury by accident resulting from the negligence of a fellow employee while the injured employee was engaged in his employer's business and acting within the scope of his employment, the demurrer of the corporate employer should be sustained, but plaintiff's right of action against his fellow employee is at common law, and as to him the Compensation Act has no application, and his motion to dismiss is properly denied.

APPEAL by defendants from *Ervin, Jr., Special Judge,* at March Term, 1938, of GASTON.

Civil action to recover damages resulting from the alleged negligence of the defendants in selling the plaintiff a sandwich unfit for human consumption.

The plaintiff alleges that the corporate defendant is engaged in the business of manufacturing textile products in which said business it employs several hundred people, and that the said corporation at the same time was also engaged in the business of selling sandwiches and cold drinks, in which said business it employed the defendant Banks McArver and not more than two other employees. She further alleges:

"4. That during the month of February, 1937, and for some time prior thereto, the plaintiff was employed by the National Weaving Company, Inc., for the purpose of operating a machine in the textile mill of the National Weaving Company, Inc.; that her hours of work were from 3 o'clock p.m. until 11 p.m.

"5. That the defendant Banks McArver was employed by the National Weaving Company, Inc., for the purpose of selling sandwiches, Coca-Cola, and other cold drinks in the mill of the National Weaving Company, Inc.

"6. That on the date aforesaid, and for some time prior thereto, the National Weaving Company, Inc., prepared, or caused to be prepared, or purchased, sandwiches and cold drinks and kept the said food and drinks in the mill, and through its employee, the defendant Banks McArver, offered the same for sale to its employees.

"7. That the National Weaving Company, Inc., sold to this plaintiff and other employees of the mill a coupon book or meal ticket, and when the sale of food was made, the same was paid for by a coupon attached to the said book or meal ticket; that the National Weaving Company, Inc., was engaged in the sale of the said food for profit; that the relationship. between the plaintiff and the defendants with regard to the sale and purchase of food and drinks was that of vendor and vendee.

"8. That on or about the ...... day of February, 1937, at about 6 o'clock p.m., the plaintiff purchased from the defendants a sandwich and immediately ate the same; that shortly thereafter she became sick at the stomach and had a vomiting spell; that notwithstanding her illness, she remained at work through the usual work period; that she was sick during the night and the next day; that she was unable to eat but went back to the mill to work at 3 o'clock and remained there until about 4:30 p.m., at which time plaintiff's condition became such that it was impossible for her to do any further work; that thereafter plaintiff went home and was confined to her bed and suffered injuries as hereinafter set forth.

"9. That the defendants negligently kept the sandwiches in the mill where the temperature was necessarily high and the atmosphere was very humid; that the defendants took no precautions to prevent them from spoiling; that they failed to place them on ice or in a refrigerator or in a suitable place for them, and failed to inspect the said food before it was sold to this plaintiff to determine whether or not it was fit and suitable for human consumption; that the defendants also made no effort

to keep the fresh sandwiches from being mixed with those that had been prepared for some time."

The defendants moved the court below to dismiss this action on the ground that the plaintiff and the defendants, at the time of the alleged injury to the plaintiff, were subject to and operating under the provisions of the North Carolina Workmen's Compensation Act, and that the rights and remedies conferred by said act are exclusive of all other acts and said remedies are binding upon both the plaintiff and the defendants herein. An order was entered denying the motion of the defendants. The defendants excepted and appealed.

*Gilbreath & Gilbreath and Wm. H. Abernathy for plaintiff, appellee. Emery B. Denny for defendants, appellants.*

BARNHILL, J. It is alleged in the complaint that the corporate defendant employed several hundred employees, including the plaintiff. The presumption is that the parties to this action have accepted the provisions of the Workmen's Compensation Act and are bound thereby. Public Laws 1929, ch. 120, sec. 4; Michie's N. C. Code of 1935, sec. 8081 (k); *Hanks v. Utilities Co.,* 204 N. C., 155, 167 S. E., 560; *Lee v. American Enka Corp.,* 212 N. C., 455; *Murphy v. American Enka Corp.,* 213 N. C., 218.

The rights and remedies granted to an employee who has accepted and is bound by the provisions of the Workmen's Compensation Act are exclusive of all other rights and remedies of such employee as against his employer, at common law or otherwise. Public Laws 1933, ch. 449; Michie's N. C. Code of 1935, sec. 8081 (r); *Brown v. R. R.,* 202 N. C., 256, 162 S. E., 613; *McNeely v. Asbestos Co.,* 206 N. C., 568, 174 S. E., 509. An injury suffered by an employee while engaged in his master's business within the scope of his employment proximately resulting from the negligence of fellow employees is, as to the employee, an "accident" arising out of and in the course of his employment. It is not the purpose of the Workmen's Compensation Act to exculpate or absolve employers from the consequences of their negligent conduct. The field of cases in which compensation is to be awarded was enlarged by the act so as to include accidents not directly attributable to negligence. *McNeely v. Asbestos Co., supra; Slade v. Hosiery Mills,* 209 N. C., 823, 184 S. E., 844; *Johnson v. Hughes,* 207 N. C., 544, 177 S. E., 632.

When an employer undertakes to sell to his employees during their hours of employment sandwiches or other food or drinks the purchase and consumption thereof by the employee is not such a deviation from the course of his employment as would deprive him of the beneficial effects of the Workmen's Compensation Act. In such instances it is apparent that both the employer and the employee contemplate that such

food or drinks shall be purchased and consumed during the course of employment for the refreshment of the employee. If injury results therefrom to the employee as a proximate result of the negligence of the employer in offering food or drink unfit for use the employee suffers an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act. *Pickard v. Plaid Mills,* 213 N. C., 28.

While it is alleged that the corporate defendant was engaged in the textile manufacturing business and also in the business of selling sandwiches and cold drinks it is not made to appear in the complaint that sandwiches and cold drinks were offered for sale to the general public. Even so, it is specifically alleged that the defendant Banks McArver was employed for the purpose of selling such sandwiches and cold drinks in the mill of the corporate defendant to its employees and that arrangements were made for the employees to purchase coupon books of tickets to be used in the purchase of same. The risk incident to the purchase thereof by employees was not common to the public, but was peculiar to the employees of the company. *Lockey v. Cohen, Goldman & Co.,* 213 N. C., 356. If the plaintiff purchased from another employee of the corporate defendant a sandwich which was unfit for human consumption and proximately sustained injuries by reason thereof, under the circumstances alleged in the complaint, his remedy is under the Workmen's Compensation Act, which is exclusive of all other remedies.

The Industrial Commission has exclusive jurisdiction of plaintiff's claim only against the employer. His right of action against the individual defendant is at common law in the Superior Court. As to him the Workmen's Compensation Act has no application. Public Laws 1933, ch. 449; Michie's N. C. Code of 1935, sec. 8081 (r).

Affirmed as to defendant Banks McArver.

Reversed as to defendant The National Weaving Company, Inc.