DONALD RAY PENDERGRASS AND SARAH PERRY PENDERGRASS v. CARD
  CARE, INC.; CARROLL H. GIBSON; KEITH LAKE; AND TEXFI
  INDUSTRIES, INC.

No. 335PA91

(Filed 8 January 1993)

1. **Master and Servant § 89.1 (NCI3d) — workers' compensation —
  exclusivity rule — fellow employees — no willful, wanton, or
  reckless negligence**

   Defendants Gibson and Lake's motion to dismiss was prop-
   erly allowed in a negligence action arising from an injury
   received by plaintiff when his arm was caught in a textile
   machine which had unguarded pinch-points. Plaintiff alleged
   that Gibson and Lake were grossly and wantonly negligent
   in directing him to work at the machine when they knew
   that certain dangerous parts of the machine were unguarded,
   in violation of OSHA regulations and industry standards;
   however, the negligence alleged does not support a claim in-
   dependently of the Workers' Compensation Act. Although they
   may have known that certain dangerous parts of the machine
   were unguarded when they instructed plaintiff to work at
   the machine, this does not support an inference that they
   intended that plaintiff be injured or that they were manifestly
   indifferent to the consequences of his doing so.

   **Am Jur 2d, Negligence §§ 286-289; Workers' Compensa-
   tion §§ 62, 64, 75, 79-80.**

   **Willful, wanton, or reckless conduct of coemployee as
   ground of liability despite bar of workers' compensation law.
   57 ALR4th 888.**

   **What conduct is willful, intentional, or deliberate within
   workmen's compensation act provision authorizing tort action
   for such conduct. 96 ALR3d 1064.**

PENDERGRASS v. CARD CARE, INC.

[333 N.C. 233 (1993)]

2. **Master and Servant § 87 (NCI3d)— workers' compensation— negligence action—dual capacity of employer**

A negligence claim against defendant Texfi was properly dismissed where a plaintiff injured when his arm was caught in a textile machine brought a negligence rather than a workers' compensation claim, contending that Texfi was acting in a dual capacity as the textile manufacturer for whom plaintiff worked and as a manufacturer of textile machinery when it modified the machine in which plaintiff was injured. If there is a dual capacity doctrine which allows a claim when an employer is acting in a capacity other than the business for which a person is employed, it does not apply in this case because Texfi modified the machine as part of its engagement in the textile business.

**Am Jur 2d, Workers' Compensation § 67.**

**Modern status: "dual capacity doctrine" as basis for employee's recovery from employer in tort. 23 ALR4th 1151.**

3. **Master and Servant § 87 (NCI3d)— workers' compensation— negligence action—no claim under Woodson**

Plaintiffs did not have a claim under *Woodson v. Rowland*, 329 N.C. 330, where plaintiff Ray Pendergrass was injured when his arm was caught in a textile machine with unguarded pinch-points where the negligence does not rise to the higher level of substantial certainty of injury as defined in *Woodson*.

**Am Jur 2d, Workers' Compensation § 75.**

4. **Partnership § 9 (NCI3d)— negligence—worker injured in machine—machine owned by corporation—incorporated after accident occurred—mere continuation rule**

The mere continuation of business rule did not apply to a negligence action by a plaintiff injured by a textile machine where defendant Card Care was not incorporated until after the accident occurred, the entity which sold the machine to the textile manufacturer was a partnership, the principals in the partnership formed a corporation, Card Care, which continued the business in which the partnership had been engaged, and it is undisputed that the members of the partnership had no knowledge of the accident at the time Card Care was incorporated. Assuming the mere continuation rule would apply as to corporations, it should not apply to this transfer

PENDERGRASS v. CARD CARE, INC.

[333 N.C. 233 (1993)]

of the assets of a partnership because, when a partnership transfers its assets, the partners remain liable.

**Am Jur 2d, Partnership §§ 841, 890.**

5. **Partnership § 9 (NCI3d) — worker injured in textile machine — machine manufactured by partnership — liability of corporate successor**

Card Care, Inc. was not liable under N.C.G.S. § 59-71(d) for an injury suffered by plaintiff Ray Pendergrass in a textile machine manufactured by a partnership which was the predecessor of Card Care. Although N.C.G.S. § 59-71(d) provides that creditors of the dissolved partnership are creditors of the person or partnership continuing the business when all of a partnerships's assets are assigned and the person or persons to whom the assignment is made promise to pay the assigning partnership's debts and continue the business of the dissolved partnership, Card Care did not promise to pay the creditors of the dissolved partnership.

**Am Jur 2d, Corporations §§ 53-54; Partnership §§ 917, 920.**

6. **Fraudulent Conveyances § 39 (NCI4th) — transfer of partnership assets to successor corporation — liability of corporation for negligence claim — bulk transfer without notice to plaintiff**

Defendant Card Care, Inc. was not liable under the Bulk Sales Act for an injury received in a machine manufactured by the partnership which preceded it where plaintiffs argue that Card Care is liable because it did not provide the required notice to creditors and that the transfer is therefore void. N.C.G.S. § 25-6-195 provides that notice of the transfer must be sent to all creditors known to the transferee, but here the transferee had no knowledge at the time of the transfer that the plaintiffs were asserting a claim against the partnership.

**Am Jur 2d, Fraudulent Conveyances §§ 267-270.**

**Bulk transfers: construction and effect of UCC Article 6, dealing with transfers in bulk. 47 ALR3d 1114.**

**Character or class of creditors within contemplation of Bulk Sales Law. 85 ALR2d 1211.**

On discretionary review of the decision of the Court of Appeals, in an unpublished opinion, 103 N.C. App. 526, 407 S.E.2d

624 (1991), affirming judgments by Winberry, J., at the 10 April 1989 term of Superior Court, Nash County and by Butterfield, J., at the 27 July 1990 term of Superior Court, Nash County. Heard in the Supreme Court 13 May 1992.

This action grew from an accident in which the plaintiff, Donald Ray Pendergrass, received serious injury when his arm was caught in a final inspection machine which he was operating as an employee of Texfi on the premises of Texfi. The plaintiffs alleged that the defendant Card Care was the manufacturer of the machine and was negligent in several ways in the manufacture and distribution of the machine, which negligence was a proximate cause of Mr. Pendergrass' injury. The plaintiffs also alleged a breach of warranty by Card Care, a strict liability for Card Care based on the unreasonably dangerous and defective condition of the machine and absolute liability based upon the allegation that the machine was a dangerous instrumentality.

The plaintiffs alleged that defendants Carroll Gibson and Keith Lake, employees of defendant Texfi Industries, were grossly and wantonly negligent and their negligence was imputed to their employer Texfi. They alleged that the gross and wanton negligence consisted of designing a final inspection machine which had latent defects and would be used with a textile machine in which safety devices, including necessary guards had not been made available, permitting the use of the machine which they knew contained improper and hazardous pinch-points without required guarding, designing and constructing a machine which had unguarded pinch-points in violation of OSHA requirements and industry standards. The plaintiffs alleged these negligent acts were proximate causes of the injury to Mr. Pendergrass.

The plaintiffs also alleged that the defendants Gibson, Lake, and Texfi are liable to the plaintiffs under the doctrine of dual capacity because they acted as manufacturer and designer of the machine. Sarah Perry Pendergrass asserted a claim for loss of consortium. Both plaintiffs prayed for punitive damages.

The defendants Gibson, Lake, and Texfi moved to dismiss the action pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6). The defendant Card Care, Inc. made a motion for summary judgment pursuant to N.C.G.S. § 1A-1, Rule 56. The materials filed in support of the motion for summary judgment showed that Card Care was incor-

porated on 31 December 1987, which was after the accident in this case had occurred. The entity that dealt with Texfi was a partnership.

The superior court allowed the motions of all the defendants and dismissed the action. The plaintiffs appealed to the Court of Appeals. The Court of Appeals affirmed and we allowed discretionary review.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams, for plaintiffs appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by Edward L. Eatman, Jr. and G. Lee Martin, for defendant appellee Texfi Industries, Inc.*

*Haynsworth, Baldwin, Johnson and Greaves, P.A., by Charles P. Roberts III and Gregory P. McGuire, for defendants appellees Gibson and Lake.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Grady S. Patterson, Jr., David H. Batten and Kari L. Russwurm, for defendant appellee Card Care, Inc.*

*Patterson, Harkavy, Lawrence, Van Noppen & Okun, by Donnell Van Noppen III, for North Carolina Academy of Trial Lawyers, amicus curiae.*

WEBB, Justice.

[1] We consider first the case against the defendants Gibson and Lake. Gibson and Lake were employees of Texfi, as was Mr. Pendergrass, at the time of the accident. Ordinarily, the plaintiffs' exclusive remedy would be a claim pursuant to the Workers' Compensation Act and they would not have a claim against Gibson or Lake in tort. *Strickland v. King*, 293 N.C. 731, 239 S.E.2d 243 (1977).

The plaintiffs contend that they have claims against Gibson and Lake under *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985), which held that there is an exception to the exclusivity rule as to actions against fellow employees in the case of injury caused by the willful, reckless and wanton negligence of the fellow employees. We adopted such a rule in *Pleasant* and the superior court was in error in dismissing the case against Gibson and Lake under Rule 12(b)(6), unless the complaint affirmatively disclosed

that the plaintiffs had no cause of action against them. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970).

The plaintiffs alleged that Gibson and Lake were grossly and wantonly negligent. They alleged that the acts of negligence were in directing Mr. Pendergrass to work at the final inspection machine when they knew that certain dangerous parts of the machine were unguarded, in violation of OSHA regulations and industry standards. The question we face is whether these allegations support a finding of willful, wanton, and reckless negligence pursuant to *Pleasant*.

In *Pleasant*, we defined willful, wanton and reckless negligence, which will support a claim independently of the Workers' Compensation Act. In that case, a fellow employee drove a truck in a parking lot with the intention of getting as close to the plaintiff as he could without hitting him. The plaintiff was struck by the truck and we said the defendant's action constituted willful, wanton and reckless negligence. In defining such negligence, we said a constructive intent to injure may be inferred when the conduct of the defendant is manifestly indifferent to the consequences of the act. We held that driving a truck as close to the plaintiff as possible was manifestly indifferent to the consequences of the act.

The negligence alleged as to Gibson and Lake does not rise to the level of the negligence in *Pleasant*. Although they may have known certain dangerous parts of the machine were unguarded when they instructed Mr. Pendergrass to work at the machine, we do not believe this supports an inference that they intended that Mr. Pendergrass be injured or that they were manifestly indifferent to the consequences of his doing so. The motion to dismiss was properly allowed as to Gibson and Lake.

[2] The plaintiffs contend they have stated a good claim against Texfi on the ground of dual capacity and on the ground that the pleadings show that the injury was caused by intentional conduct, which Texfi knew was substantially certain to cause the injury. *See Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). We deal first with the dual capacity claim.

The plaintiffs rely on *Tscheiller v. Weaving Co.*, 214 N.C. 449, 199 S.E. 623 (1938), to argue that we should allow the action against Texfi because it was acting in a dual capacity in regard to Mr. Pendergrass. They contend that in one capacity it was

**PENDERGRASS v. CARD CARE, INC.**

[333 N.C. 233 (1993)]

acting as a textile manufacturer and Mr. Pendergrass was hired to work for it in that capacity. The plaintiffs say that Texfi acted in the capacity of a manufacturer of textile machinery when it modified the final inspection machine and it should be liable to the plaintiffs for negligence as would be a third party manufacturer of such a machine.

In *Tscheiller*, the plaintiff was employed in a textile mill. She sued her employer for selling her a sandwich unfit to eat which caused her to become ill. The defendant in *Tscheiller* sold food and drinks to its employees during the course of employment for their refreshment and the plaintiff based her action on such a purchase. This Court affirmed the dismissal of the action and said that while it was alleged that the defendant was engaged in the textile manufacturing business and also in the business of selling sandwiches and cold drinks, it was not alleged that the sandwiches and cold drinks were offered for sale to the public. We said that under these circumstances the plaintiff was limited to her claim under the Workers' Compensation Act.

The risk to Mr. Pendergrass from the alteration of the machine by Texfi was not a risk shared by the public and he does not have a claim under *Tscheiller*. If there is a dual capacity doctrine which allows a claim when an employer is acting in a capacity other than the business for which a person is employed, it does not apply in this case. The defendant Texfi modified the machine as part of its engagement in the textile business. Mr. Pendergrass was employed in that business.

[3] We also hold that the plaintiffs do not have a claim under *Woodson*. In that case, we held that a person could maintain a claim in tort against his employer, although the parties were subject to the Workers' Compensation Act, if the evidence shows that the injury was caused by intentional conduct of the employer which the employer knew was substantially certain to cause an injury. The conduct must be so egregious as to be tantamount to an intentional tort. We made it clear in that case that there had to be a higher degree of negligence than willful, wanton and reckless negligence as defined in *Pleasant*. The plaintiffs contend that they have a tort claim against Texfi under the *Woodson* exception to the exclusivity rule.

The plaintiffs rely on the same allegations of negligence to support their claim against Texfi that they relied upon in their

claim against Gibson and Lake. We have held, in affirming the dismissal as to Gibson and Lake, that the negligence alleged did not rise to the level of willful, wanton, and reckless as defined in *Pleasant*. By this token, it does not rise to the higher level of negligence as defined in *Woodson* of substantial certainty of injury.

[4] The appellants also argue it was error to dismiss their claim against Card Care, Inc. Card Care was not incorporated until after the accident occurred and it argues it should not be liable for something that happened before it was incorporated. The entity which sold the final inspection machine to Texfi was a partnership. After the sale of the machine, the principals in the partnership formed a corporation which continued the business in which the partnership had been engaged. It is undisputed that the members of the partnership had no knowledge of the accident at the time Card Care was incorporated.

The plaintiff relies on *Budd Tire Corp. v. Pierce Tire Co.*, 90 N.C. App. 684, 370 S.E.2d 267 (1988), a case in which a corporation was held liable to a creditor for a fraudulent transfer of the assets of another corporation. In that case, the Court of Appeals said that a corporation is liable to a creditor of the other corporation if the transfer of the assets was fraudulent or if the purchasing corporation is a mere continuation of the selling corporation.

The plaintiffs contend that Card Care, Inc. is a mere continuation of the business conducted by the partnership and it should be liable for torts committed by the partnership. We cannot find a case in this state applying the mere continuation rule. The plaintiffs have cited cases from other jurisdictions which deal with this rule. *Stratton v. Garvey Intern, Inc.*, 9 Kan. App. 2d 254, 676 P.2d 1290 (1984); *Tift v. Forage King Industries, Inc.*, 108 Wis. 2d 72, 322 N.W.2d 14 (1982); *Rawlings v. D.M. Oliver, Inc.*, 97 Cal. App. 3d 890, 159 Cal. Rptr. 119 (1979).

Assuming the mere continuation rule would apply as to corporations, we do not believe it should apply to this transfer of the assets of a partnership. If all the assets of a corporation are transferred, a claim against the transferring corporation might be worthless. When a partnership transfers its assets, the partners remain liable. We do not believe this is a case in which the mere continuation rule should apply.

PENDERGRASS v. CARD CARE, INC.

[333 N.C. 233 (1993)]

[5]   The plaintiffs contend that Card Care is liable to them under N.C.G.S. § 59-71(d). That section is part of the Uniform Partnership Act and it provides that when all of a partnership's assets are assigned and the person or persons to whom the assignment is made promise to pay the assigning partnership's debts and continue the business of the dissolved partnership, creditors of the dissolved partnership are creditors of the person or partnership continuing the business. In this case, Card Care did not promise to pay the creditors of the dissolved partnership. Card Care is not liable under N.C.G.S. § 59-71(d).

[6]   Finally, the plaintiffs argue that Card Care is liable to them because it did not comply with the Uniform Commercial Code-Bulk Transfers. N.C.G.S. § 25-6-105 provides that a bulk transfer is void if notice is not given to creditors before a transfer is made. The plaintiffs assert that this makes Card Care liable. If we held the transfer of the assets from the partnership to Card Care was void, we are not sure this would help the plaintiffs in an action against Card Care. See Goldman and Co. v. Chank, 200 N.C. 384, 156 S.E. 919 (1931) and Rubber Co. v. Morris, 181 N.C. 184, 106 S.E. 562 (1921). Assuming the transfer of assets from the partnership to the corporation was voidable by creditors of the partnership, it is not helpful to the plaintiffs. N.C.G.S. § 25-6-107(3) provides that notice of the transfer must be sent to all creditors known to the transferee. In this case, the papers filed in regard to the motion for summary judgment showed the transferee had no knowledge at the time of the transfer that the plaintiffs were asserting a claim against the partnership. Card Care is not liable under the Bulk Sales Act.

AFFIRMED.