VALLEREE L. OWENS v. W.K. DEAL PRINTING, INC.

No. 65A94

(Filed 10 February 1995)

**Workers' Compensation § 62 (NCI4th)— Woodson claim—summary judgment for employer improper**

The decision of the Court of Appeals that the trial court properly entered summary judgment for defendant employer on plaintiff's *Woodson* claim is reversed for the reasons stated in the dissenting opinion except to the extent that it may be read as implying that actions authorized under *Woodson v. Rowland*, 329 N.C. 330 (1991) seek recovery for "intentional torts" in the true sense of that term. Plaintiffs in *Woodson* actions need only establish that the employer intentionally engaged in misconduct and that the employer knew that such misconduct was "substantially certain" to cause serious injury or death and, thus, the conduct was "so egregious as to be tantamount to an intentional tort."

**Am Jur 2d, Workers' Compensation §§ 75-87.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

Appeal by plaintiff pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 113 N.C. App. 324, 438 S.E.2d 440 (1994), affirming an order granting defendant's motion for summary judgment entered by Caviness, J., on 19 May 1992, in Superior Court, Gaston County. Heard in the Supreme Court 9 January 1995.

*Frederick R. Stann and Wallace and Whitley, by Michael Doran, for the plaintiff-appellant.*

*Alala Mullen Holland & Cooper P.A., by H. Randolph Sumner and Jesse V. Bone, Jr., for the defendant-appellee.*

PER CURIAM.

For the reasons stated in the dissenting opinion of Judge Wynn in this case, *Owens v. W.K. Deal Printing, Inc.*, 113 N.C. App. 324, 328-32, 438 S.E.2d 440, 443-45 (1994), the decision of the Court of Appeals is reversed. To the extent that it may be read as implying that actions authorized under *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991), seek recovery for "intentional torts" in the true sense of that term, we do not accept the reasoning of Judge Wynn's dissent. We reemphasize that plaintiffs in *Woodson* actions need only establish that the employer intentionally engaged in misconduct and that the employer knew that such misconduct was "substantially certain" to cause serious injury or death and, thus, the conduct was "so egregious as to be tantamount to an intentional tort." *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 239, 424 S.E.2d 391, 395 (1993).

REVERSED.