The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence as a whole, the undersigned reach different facts and conclusions from those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their own findings of fact, conclusions of law, and ultimate Award. Accordingly, the May 20, 1992 Opinion and Award is HEREBY VACATED.
The Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. At the time in question, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between the plaintiff-employee and the defendant-employer.
3. The compensation carrier on the risk was Michigan Mutual Insurance Company.
4. Plaintiff's average weekly was $288.02 or what is computed by the Commission on the Form 22, whichever is higher.
5. A Form 22 Wage Chart, a Form 18, a Form 19, medical and plaintiff's tax returns were also stipulated into evidence.
6. There were no questions of notice pursuant to the provisions of N.C.G.S. § 97-22.
* * * * * * * * * * * * *
Based upon the competent and convincing evidence adduced at the hearing, the undersigned makes the following
FINDINGS OF FACT
1. The plaintiff-employee seeks to recover compensation for an injury which occurred on March 22, 1991, while employed with defendant-employer as a knitter. The plaintiff, while bending down to pick up production tickets, hit her knee on a table.
2. The plaintiff went to the emergency room on the evening following the injury. After being seen in the emergency room, she contacted her employer, Ms. Staley. A Form 19, dated March 25, 1991, was submitted to the Industrial Commission and indicated that the cause of plaintiff's injury was a "table".
3. The plaintiff was next seen by an orthopedist, Dr. Kernodle, on March 27, 1991. Plaintiff-employee told the physician that she struck her knee while squatting down and experienced a "pop" in her knee as if something went out of place. She was seen by Dr. Kernodle three times, after which he released her to return to her regular employment with no restrictions and with no permanent impairment.
4. The plaintiff became employed with Special T. Knitting on May 3, 1991, as a knitter. From April 16 through May 3, she sought only second shift employment due to difficulty with child care. She currently is employed as a knitter doing the same work that she did while employed with Staley Hosiery. Her current salary is contingent upon the quantity of work she does each day.
6. Plaintiff's testimony that she suffered an injury by accident at work is accepted as credible and convincing. Plaintiff did suffer an injury by accident arising out of and in the course of her employment with defendant-employer.
7. Plaintiff was temporarily totally disabled, pursuant to G.S. 97-2(9) for the following periods:
From March 23, 1991 through March 27, 1991; from March 27, 1991 through April 15, 1991, when Dr. Kernodle released plaintiff to return to work, and from April 16, 1991, when she was terminated, through May 3, 1991, during which plaintiff was making a reasonable attempt to return to work and ultimately returned to work.
* * * * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. An injury arising out of and in the course and scope of employment is compensable only if caused by an "accident." Accident has been defined as an unlooked for and untoward event which is not expected or designed by the person who suffers the injury. Not only must there be an unlooked for and untoward event, but there must be some new circumstance not a part of the usual work routine. Poe v. Acme Builders,69 N.C. App. 147, 316 S.E.2d 338 (1984). If the injury is caused by an event that involves both an employee's normal work routine and normal working conditions, it will not be considered to have been caused by an accident. Swindell v. Davis Boat Works, 78 N.C. App. 393,337 S.E.2d 592, cert. denied, 342 S.E.2d 908, 316 N.C. 385
(1985). Plaintiff did suffer a compensable accident when she struck her knee on the table while squatting and thereby caused the knee to pop out.
2. An injury arises out of employment when it is natural and probable consequence or incident of the employment and a natural result of one of its risks, so that there is some causal relation between the injury and the performance of some service of the employment. Forsyth v. Inco, 95 N.C. App. 742, 384 S.E.2d 30
(1989). Plaintiff was bending down to pick up production tickets when she struck her knee.
3. The Industrial Commission is the trier of the facts in workers' compensation cases and as such determines the weight and credibility of the evidence. Abels v. Renfrow Corporation,100 N.C. App. 186 (1990). Moreover, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony; it may accept or reject all the testimony of a witness; it may accept a part or reject a part. Blalock v.Roberts Company, 12 N.C. App. 499 (1971).
4. As plaintiff did suffer an injury by accident arising out of or in the course of the employment, she is entitled to benefits under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
5. According to the calculations based on the stipulated Form 22 Wage Chart, the undersigned have determined that plaintiff's average weekly wage is $355.31, yielding a compensation rate of $236.89 per week. G.S. 97-2(5).
6. Plaintiff is entitled to a period of temporary total disability compensation from March 23, 1991 through March 27, 1991. Plaintiff was kept out of work from March 27, 1991 through April 15, 1991, when Dr. Kernodle said that she could return to work. Plaintiff is further entitled to temporary total disability from April 16, 1991 to May 3, 1991, when she went to work for another employer after having been terminated by defendants.
7. As there is no convincing evidence presented to show that plaintiff's wage-earning capacity or ability was lessened to any extent following May 3, 1991 (merely the fact that plaintiff actually earned less is not sufficient) plaintiff is not entitled to temporary partial disability at this time.
8. To the extent the same are reasonably designed to tend to effect a cure, provide needed relief from and/or lessen the period of disability associated therewith, plaintiff is entitled to all reasonable and necessary medical expenses incurred as a result of the injury by accident giving rise hereto, when bills for the same are submitted on proper forms, through defendant-carrier to the Industrial Commission and approved by the Commission.
* * * * * * * * * * * * * *
Based upon these conclusions of law, the Full Commission make the following
AWARD
1. Defendants shall pay plaintiff temporary total disability at the rate of $236.89 per week for the following periods: March 23, 1991 through March 27, 1991; March 27, 1991 through April 15, 1991; and April 16, 1991 through May 3, 1991.
Such compensation has accrued, and the same shall be paid in a lump sum, without commutation, subject to a reasonable attorney's fee hereinafter approved.
2. At this time a reasonable attorney's fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is HEREBY APPROVED for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto by the defendant-carrier. Plaintiff counsel's request for attorney's fees pursuant to G.S. 97-88 is, in the discretion of the undersigned, HEREBY DENIED.
4. Defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, when bills for the same are submitted on proper forms, through defendant-carrier, to the Industrial Commission for approval and are approved by the Commission.
5. Defendants shall bear the costs.
IT IS FURTHER ORDERED that this case be removed from the Full Commission hearing docket.
This the __________ day of ______________________, 1995.
 S/ ________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ________________________ JAMES J. BOOKER COMMISSIONER
S/ ________________________ J. RANDOLPH WARD COMMISSIONER
JHB/nwm 03/02/94