MATTHEW C. KOLBINSKY AND DAVID KOLBINSKY, PLAINTIFFS-APPELLANTS V. PARAMOUNT HOMES, INC., GARRY C. GARDNER, MICHAEL SCOTT GARDNER AND G. CRAVEN GARDNER, DEFENDANTS-APPELLEES

No. COA96-992

(Filed 17 June 1997)

**Workers' Compensation § 62 (NCI4th)— minor's *Woodson* claim—insufficient forecast of evidence**

The trial court properly granted summary judgment for defendant employer on the minor plaintiff's *Woodson* claim to recover for injuries suffered while using a circular saw where the forecast of evidence showed that defendant employer allowed the minor plaintiff to use the saw even though defendant knew that the safety guard had been removed; the removal of the safety guard was a violation of OSHA regulations; defendant may have been aware that plaintiff was a minor; and the employment of a minor as an operator of a circular saw is a violation of child labor regulations. The evidence failed to show that defendant employer knew that its misconduct was substantially certain to cause serious injury and that it was thus so egregious as to be tantamount to an intentional act.

**Am Jur 2d, Workers' Compensation §§ 75-87.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

Appeal by plaintiffs from order entered 7 June 1996 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 24 April 1997.

*Randall, Jervis & Hill, by Robert B. Jervis, for plaintiffs-appellants.*

*Maupin Taylor Ellis & Adams, P.A., by Elizabeth D. Scott, for defendants-appellees.*

WYNN, Judge.

Defendant Paramount Homes, Inc., a construction company, builds residential homes in Wake and Durham Counties. Defendants, Garry C. Gardner, Michael Scott Gardner and G. Craven Gardner, II, are officers, directors, owners or shareholders of Paramount.

In the summer of 1993, Paramount built homes in the Treyburn subdivision of Durham. During this time, Paramount subcontracted some of its trim carpentry work to plaintiff David Kolbinsky, but none of the work performed by Mr. Kolbinsky was done at the Treyburn site. In response to a request for help from Scott Gardner, Mr. Kolbinsky apparently obtained employment for his seventeen-year old son, Matthew Kolbinsky as a temporary construction helper at Paramount's Treyburn site. There is some dispute as to whether Paramount knew or should have known that Matthew was a minor; however, in any event, it is clear that no work permits were obtained for him.

Within 10 days of his employment, Matthew suffered an injury on his job when he severed a portion of his left hand while cutting plywood with a circular saw. The record reveals that the safety guard had been removed from the saw. Although Matthew told another Paramount Homes employee that he knew how to operate a circular saw, he had in fact never operated one.

Matthew sued the defendants to recover for personal injuries that he received at the construction site. His father, Mr. Kolbinsky, joined in the action to recover for medical expenses. Defendants moved for summary judgment and in response, plaintiffs filed the affidavits of Matthew and David Kolbinsky. Defendants then moved to strike plaintiffs' affidavits. Without ruling on the motion to strike, the trial court granted summary judgment in defendants' favor. Plaintiffs appeal.

--------

The depositive issue on appeal is whether the trial court erred by granting defendants' motion for summary judgment because the evidence forecasted by plaintiffs failed to show that Paramount Homes engaged in intentional misconduct knowing that such conduct was substantially certain to cause serious injury or death. *See Roumillat v. Simplistic Enterprises, Inc.,* 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). (To prevail on a summary judgment motion, defendants must show that an essential element of plaintiff's claim is nonexistent or that discovery indicates that plaintiffs cannot produce evidence to support an essential element of their claim.) *See also, Woodson v. Rowland,* 329 N.C. 330, 340, 407 S.E.2d 222, 228 (1991). We agree that the evidence fails to forecast evidence of this essential element of plaintiff's claim and therefore, affirm the trial court's grant of summary judgment.

## KOLBINSKY v. PARAMOUNT HOMES, INC.

[126 N.C. App. 533 (1997)]

An employee may maintain an action against his or her employer arising out of job related injuries "when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct." *Woodson* 329 at 340, 407 S.E.2d at 228. *Woodson* actions "need only establish [1] that the employer intentionally engaged in misconduct and [2] that the employer knew that such misconduct was 'substantially certain' to cause serious injury or death and, thus, [3] the conduct was 'so egregious as to be tantamount to an intentional tort.' " *Owens v. W.K. Deal Printing, Inc.*, 339 N.C. 603, 604, 453 S.E.2d 160, 161 (1995) (quoting *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 239, 424 S.E.2d 391, 395 (1993)).

In *Pendergrass*, plaintiff alleged that he was injured when the employer directed him to work at a machine when it knew that certain dangerous parts of the machine were unguarded, in violation of OSHA regulations and industry standards. In concluding that the evidence was insufficient to make out a *Woodson* claim, our Supreme Court noted:

> Although [the employer] may have known certain dangerous parts of the machine were unguarded when they instructed Mr. Pendergrass to work at the machine, we do not believe this supports an inference that they intended that Mr. Pendergrass be injured or that they were manifestly indifferent to the consequences of his doing so.

*Id.* at 238, 424 S.E.2d at 394.

In the subject case, the evidence considered in the light most favorable to plaintiffs, shows that the employer was aware that the guard had been removed from the circular saw; the removal of the guard is a violation of OSHA regulations; the employer allowed Matthew to use the saw despite the removal of the guard; the employer may have been aware that Matthew was a minor; and the employment of a minor as an operator of a circular saw is a violation of child labor regulations. As in *Pendergrass*, these facts do not support the inference that Paramount Homes intended to injure Matthew or was manifestly indifferent to the consequences of its actions. In short, the evidence fails to show that the employer knew that its misconduct was substantially certain to cause serious injury and was so egregious as to be tantamount to an intentional tort. Therefore, we conclude that plaintiffs failed to produce evidence to support an

essential element of a *Woodson* claim. Accordingly, we hold that the trial court properly granted summary judgment to defendants.

Since we uphold the trial court's grant of summary judgment in defendants' favor, we need not address their cross-assignment of error regarding the trial court's failure to rule on their motion to strike.

For the foregoing reasons, the trial court's order is

Affirmed.

Judges GREENE and TIMMONS-GOODSON concur.