LUIS CASTANEDA VALENZUELA, as Personal Representative of the ESTATE OF NERY CASTANEDA VALENZUELA, DECEASED, Plaintiff v. PALLET EXPRESS, INC., MARK SHROPSHIRE, individually, and MICHAEL BRIGGS, individually, Defendants

No. COA10-87

(Filed 5 October 2010)

**Workers' Compensation— Woodson and Pleasant exceptions— evidence not sufficient**

Summary judgment was correctly granted for an employer and co-worker defendants on wrongful death claims brought under the *Woodson* and *Pleasant* exceptions to the exclusivity provisions of the Workers' Compensation Act. Plaintiff did not forecast evidence that defendants knew that their actions were substantially certain to cause serious injury or death, and there was evidence that one of the defendants had been hired after a safety guard had been removed from a shredder and was not aware of the increased danger.

Appeal by plaintiff from judgment entered 10 July 2009 by Judge Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 15 September 2010.

**VALENZUELA v. PALLET EXPRESS, INC.**

[207 N.C. App. 364 (2010)]

*Mauriello Law Offices, P.C., by Christopher D. Mauriello, and Leslie C. Rawls for plaintiff-appellant.*

*Teague Campbell Dennis & Gorham, L.L.P., by J. Matthew Little and Rebecca A. Rausch, for defendant-appellee Pallet Express, Inc.*

*Tuggle, Duggins & Meschan, P.A., by Jeffery S. Southerland, for defendants-appellees Mark Shropshire and Michael Briggs.*

BRYANT, Judge.

Where the personal representative of the estate of an employee killed in a workplace accident failed to forecast evidence which would support his wrongful death claims under the *Woodson* and *Pleasant v. Johnson* exceptions to the exclusivity provisions of the Worker's Compensation Act, the trial court's grant of summary judgment to employer and co-worker defendants was proper.

*Facts*

This case arises from a wrongful death lawsuit. Seventeen-year-old Nery Castaneda Valenzuela was killed on 2 October 2007, while working for defendant Pallet Express, Inc. Defendant Michael Briggs is president of Pallet Express, and defendant Mark Shropshire is the company's operations manager. Nery was a Guatemalan national working legally in the United States. At the time of his death, Nery had been working for Pallet Express for about four months.

On the day of his death, Nery was working at a pallet shredder with another employee, Ricardo Callazon. The supervisor of the shredder was late for work and was not present at the time Nery was killed. The pallet shredder is a large machine with a shaker table onto which pallets are placed. The shaker table feeds pallets into a crushing chamber of four large ridged hammers which grind the pallets into mulch. Shortly after they began work at the shredder, Callazon left the machine to get a forklift. Nery was last seen working in the staging area next to the shaker table. When Callazon returned to the shredder, Nery was not there. His remains were found on the discharge side of the shredder shortly thereafter. The North Carolina Occupational Safety and Health Administration (NCOSHA) conducted an investigation of the incident and issued two citations listing eleven safety violations to Pallet Express. Among the offenses cited were allowing an underage employee to work on heavy equipment and removing safety guards from the shredder.

Plaintiff Luis Castenada Valenzuela, in his capacity as personal representative of Nery's estate, filed a wrongful death complaint against defendants on 30 September 2008. On 26 May 2009, defendants moved for summary judgment, alleging that plaintiff was unable to meet his burden of proof because no one witnessed the accident. On 10 July 2009, the trial court granted summary judgment to defendants. Plaintiff appeals.

On appeal, plaintiff presents a single argument: that the trial court erred in granting summary judgment to defendants because genuine issues of material fact existed.

### Standard of Review

We review a trial court's grant of summary judgment de novo. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2010). Thus, "[o]n appeal of a trial court's allowance of a motion for summary judgment, we consider whether, on the basis of materials supplied to the trial court, there was a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). "Evidence presented by the parties is viewed in the light most favorable to the non-movant." *Id.* (citation omitted).

### Analysis

Plaintiff argues that the trial court's grant of summary judgment to defendants was error because the evidence presented a genuine issue of fact as to whether defendants engaged in intentional misconduct substantially certain to cause Nery's death. We disagree.

Generally, employees who are injured or killed at work are limited to recovery as specified under the North Carolina Worker's Compensation Act. N.C. Gen. Stat. § 97-10.1 (2010). However, we recognize an exception to the exclusivity provisions of the Act "where an employee is injured or killed as a result of the intentional misconduct of the employer." *Whitaker v. Town of Scotland Neck*, 357 N.C. 552, 556, 597 S.E.2d 665, 667 (2003) (citing *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985), *reh'ing denied*, 358 N.C. 159, 593 S.E.2d 591 (2004)). In *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d

222 (1991), "this Court slightly expanded this exception to include cases in which a defendant employer engaged in conduct that, while not categorized as an intentional tort, was nonetheless substantially certain to cause serious injury or death to the employee." *Whitaker,* 357 N.C. at 556, 597 S.E.2d at 667. "In such cases, the injured employee may proceed outside the exclusivity provisions of the Act and maintain a common law tort action against the employer." *Id.* at 556, 597 S.E.2d at 667-68 (citation omitted). While acknowledging these exceptions, our Supreme Court has cautioned that they apply "only in the most egregious cases of employer misconduct. Such circumstances exist where there is uncontroverted evidence of the employer's intentional misconduct and where such misconduct is substantially certain to lead to the employee's serious injury or death." *Id.* at 557, 597 S.E.2d at 668.

Plaintiff made *Woodson* claims against Pallet Express and defendant Briggs, and a *Pleasant v. Johnson* claim for co-worker liability against defendant Shropshire. Plaintiff asserts that the record here forecasts evidence which would permit a jury to find that defendants' conduct would sustain his *Woodson* claims. Specifically, plaintiff contends that Pallet Express and Briggs: 1) removed safety guards from the shredder which sacrificed employee safety for increased production; 2) assigned an underage employee to work on heavy equipment in violation of State and federal law; 3) failed to provide Nery with proper training on the shredder; and 4) failed to ensure that trained personnel were present when the shredder was operated.

As to plaintiff's *Woodson* claims, we find the facts of *Kolbinsky v. Paramount Homes, Inc.,* 126 N.C. App. 533, 485 S.E.2d 900, *disc. review denied,* 347 N.C. 267, 493 S.E.2d 457 (1997), closely analogous to those here. *Kolbinsky* concerned *Woodson* claims by Matthew Kolbinsky, a seventeen-year-old unskilled temporary construction helper who "severed a portion of his left hand while cutting plywood with a circular saw." *Id.* at 534, 485 S.E.2d at 901. "The record reveal[ed] that the safety guard had been removed from the saw." *Id.* In affirming the trial court's grant of summary judgment to defendants, we held that

> the evidence considered in the light most favorable to [the] plaintiffs, shows that the employer was aware that the guard had been removed from the circular saw; the removal of the guard is a violation of OSHA regulations; the employer allowed Matthew to use the saw despite the removal of the guard; the employer may have been aware that Matthew was a minor; and the employment of a

minor as an operator of a circular saw is a violation of child labor regulations. . . . [T]he evidence fails to show that the employer knew that its misconduct was substantially certain to cause serious injury and was so egregious as to be tantamount to an intentional tort. Therefore, we conclude that [the] plaintiffs failed to produce evidence to support an essential element of a *Woodson* claim. Accordingly, we hold that the trial court properly granted summary judgment to [the] defendants.

*Id.* at 535-36, 485 S.E.2d at 902 (citing *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 424 S.E.2d 391 (1993)).

Plaintiff contends that *Kolbinsky* is distinguishable because of the size difference in the machines and the resulting difference in the risk to each employee. This distinction is simply not relevant to the *Woodson* analysis: whether the employer knew its intentional misconduct was "substantially certain to cause serious injury or death to employees." *Woodson*, 329 N.C. at 340, 407 S.E.2d at 228. Here, as in *Kolbinsky*, in the light most favorable to plaintiff, the evidence tended to show that defendants were aware a safety guard had been removed from dangerous machinery in violation of safety regulations and still instructed an unskilled, underage employee to operate it in violation of the law. Just as in *Kolbinsky*, these facts do not support the inference that Pallet Express and Briggs knew their actions were substantially certain to cause Nery's serious injury or death. Plaintiff's argument on this point is overruled.

As to plaintiff's claims against Shropshire, our Courts have held that "the Workers, Compensation Act does not shield a co-employee from common law liability for willful, wanton and reckless negligence." *Pleasant*, 312 N.C. at 716, 325 S.E.2d at 249. However, even when a co-worker "may have known certain dangerous parts of the machine were unguarded" when he instructed an employee to work at the machine, this does not support an inference that the co-worker knew his actions were substantially certain to cause serious injury or death nor does it show manifest indifference. *Pendergrass*, 333 N.C. at 238, 424 S.E.2d at 394.

After careful review of the record, we conclude that Shropshire's alleged negligence falls short even of that alleged in *Pendergrass*. Plaintiff asserts that Shropshire's conduct was willful, wanton and reckless in that he assigned an underage employee to work on the shredder from which a safety guard had been removed. However, unlike the co-worker in *Pendergrass*, it is undisputed that Shropshire

was hired after the installation of the shredder and was unaware that it had once had a safety guard, or that such a guard had been removed. Thus, Shropshire was not aware of the increased danger to employees working on the machine. Because the alleged misconduct in *Pendergrass* could not support a *Pleasant v. Johnson* claim, plaintiff's lesser allegation here must also fail. This argument is overruled.

Because plaintiff failed to carry his burden as to any of his wrongful death claims, we affirm the trial court's grant of summary judgment in defendants' favor.

Affirmed.

Judges STEELMAN and BEASLEY concur.