OWENS v. W. K. DEAL PRINTING, INC.

[111 N.C. App. 900 (1993)]

VALLEREE L. OWENS, PLAINTIFF v. W. K. DEAL PRINTING, INC.,
DEFENDANT

No. 9227SC845

(Filed 7 September 1993)

**Master and Servant § 87 (NCI3d) — workers' compensation — clincher agreement — personal injury action — summary judgment**

> The trial court did not err by granting defendant's motion for summary judgment on a personal injury claim arising from an injury in plaintiff's place of employment where plaintiff had already filed a workers' compensation claim and signed an agreement for final compromise settlement and release of that claim. Although plaintiff is correct in her argument that *Woodson v. Rowland*, 329 N.C. 330, is to be applied retroactively under *Dunleavy v. Yates Construction Co.*, 106 N.C. App. 146, the facts in the present case and the facts in *Woodson* and *Dunleavy* are distinguishable. The plaintiffs in *Woodson and Dunleavy* filed their claims for workers' compensation benefits and their civil actions against the respective defendants simultaneously, never signed any forms settling their cases, and did not sign any forms relinquishing their rights to recover further monies from the incident.

**Am Jur 2d, Workers' Compensation § 64.**

Appeal by plaintiff from judgment entered 13 May 1992 by Judge Loto Caviness in Gaston County Superior Court. Heard in the Court of Appeals 17 June 1993.

*Frederick R. Stann for plaintiff.*

*Alala, Mullen, Holland & Cooper, P. A., by H. Randolph Sumner and Jesse V. Bone, Jr., for defendant.*

JOHNSON, Judge.

On 15 December 1988, plaintiff Valleree L. Owens suffered an accidental injury when her hand was crushed in a hydraulic press at her place of employment, W. K. Deal Printing, Inc. Plaintiff suffered 60% permanent disability to the right hand. As a result, plaintiff filed a claim for workers' compensation benefits with the North Carolina Industrial Commission (hereafter Industrial Com-

mission) and on 20 August 1991, plaintiff signed an agreement for "final compromise settlement and release," a clincher agreement.

Plaintiff submitted the clincher agreement to the Industrial Commission who approved the agreement on 26 August 1991. After plaintiff had entered into an agreement with the Industrial Commission, plaintiff filed a claim for personal injury against the defendant employer on 13 December 1991 pursuant to a case decided by the Supreme Court of North Carolina on 14 August 1991, *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

Defendant filed an answer 21 January 1992 pleading the clincher agreement as a bar to plaintiff's cause of action. The motion was heard on 11 May 1992 by Judge Caviness who granted defendant's summary judgment as a matter of law. Plaintiff gave timely notice of appeal.

The dispositive issue before this Court is whether the trial judge erred by granting summary judgment as a matter of law against plaintiff.

Summary judgment is appropriately granted only where no disputed issues of genuine fact have been presented and the undisputed facts show that a party is entitled to judgment as a matter of law. *Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *cert. denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). A defending party is entitled to summary judgment if the defendant can show that the claimant cannot prove the existence of an essential element of the claim or cannot surmount an affirmative defense which would bar the claim. *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 340 S.E.2d 510 (1986).

Plaintiff in this action has filed a complaint alleging rights as set out in *Woodson*, 329 N.C. 330, 407 S.E.2d 222. In order to dispose of this case, we now consider *Woodson*. *Woodson* involved a wrongful death action arising from a work-related cave-in which killed Thomas Alfred Sprouse. The plaintiff in that case was the administrator of Sprouse's estate. The plaintiff in *Woodson* filed a workers' compensation claim with the North Carolina Industrial Commission and civil claims against the employer and general contractor, simultaneously. The defendants filed a summary judgment motion on the theory that the Workers' Compensation Act shielded the employer from civil liability for intentional tort. On

appeal, the Court of Appeals affirmed the decision of the trial court. The Supreme Court, however, upon review of the matter opined:

> that when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act. Because, as also discussed in a subsequent portion of this opinion, the injury or death caused by such misconduct is nonetheless the result of an accident under the Act, workers' compensation claims may also be pursued. There may, however, only be one recovery. . . .

*Woodson*, 329 N.C. at 340-41, 407 S.E.2d at 228.

Plaintiff argues that *Woodson* is to be applied retroactively and as such, plaintiff should not be foreclosed from pursuing an intentional tort claim against defendant.

Although plaintiff is correct in her argument that *Woodson* is to be applied retroactively if the facts are applicable, *Dunleavy v. Yates Construction Company, Inc.*, 106 N.C. App. 146, 416 S.E.2d 193, *disc. review denied*, 332 N.C. 343, 421 S.E.2d 146 (1992), the facts in the present case and the facts in *Woodson* and *Dunleavy* are distinguishable. The plaintiffs in *Woodson* and *Dunleavy* filed their claims for workers' compensation benefits and their civil actions against the respective defendants simultaneously. The plaintiffs never signed any forms settling their cases nor did the plaintiffs sign any forms relinquishing their rights to recover further monies from the incident.

In the case *sub judice*, plaintiff filed a civil action against defendant after settlement of the workers' compensation claim. On 20 August 1991, plaintiff entered into an agreement for "final compromise settlement and release." The agreement stated in pertinent part:

> This instrument contains the entire agreement between the parties hereto and the terms of this release and agreement are contractual and not mere recitals, and the sum of money recited in this agreement to be paid upon order of the In-

dustrial Commission is all that the said Employee-Plaintiff will ever receive for any alleged injury described herein.

On 13 December 1991, plaintiff filed a claim for personal injuries suffered as a result of the accident.

As *Woodson* clearly stated there can only be one recovery and we find that plaintiff made an election of remedies by pursuing her workers' compensation action to a final award. North Carolina law states that once a person signs a release relinquishing all of his rights, he shall have no further claims as a result of that action. *Sherill v. Little*, 193 N.C. 736, 738, 138 S.E. 14, 15 (1927).

Accordingly, the decision of the trial court is affirmed.

Judges WYNN and JOHN concur.