VALLEREE L. OWENS, Plaintiff v. W. K. DEAL PRINTING, INC.,
                              Defendant

No. 9227SC845

(Filed 18 January 1994)

**Master and Servant § 87 (NCI3d)— workers' compensation—
compensable accident—employer's showing of accidental
injury—burden on injured employee to show tortious conduct**

If defendant uses its pleadings and supporting materials
to negate an essential element of a *Woodson* claim, *i.e.*, to
show that the injury was solely accidental, then the burden
shifts to plaintiff and plaintiff will be required to produce
a forecast of evidence to show that the injury is also due
to the tortious conduct of the employer. In this case, plaintiff
failed to produce supporting affidavits or any supporting
materials as evidence to support her claim that her injury
resulted from tortious conduct by defendant employer, and
summary judgment was therefore properly entered for
defendant.

**Am Jur 2d, Workers' Compensation §§ 566, 569, 593, 709.**

Judge WYNN dissenting.

Appeal by plaintiff from judgment entered 13 May 1992 by
Judge Loto Caviness in Gaston County Superior Court. Heard in
the Court of Appeals 17 June 1993.

*Frederick R. Stann for plaintiff-appellant.*

*Alala, Mullen, Holland & Cooper, P. A., by H. Randolph Sumner
and Jesse V. Bone, Jr., for defendant-appellee.*

JOHNSON, Judge.

This court filed its decision in *Owens v. W. K. Deal Printing,
Inc.*, 111 N.C. App. 900, 433 S.E.2d 793 (1993) on 7 September
1993. Plaintiff timely petitioned for rehearing on the matter and
we granted this petition.

We now revisit the pertinent facts: On 15 December 1988,
plaintiff Valleree L. Owens, suffered an injury when her hand was
crushed in a hydraulic press at her place of employment, W. K.
Deal Printing, Inc. Plaintiff suffered 60% permanent disability to

the right hand. As a result, plaintiff filed a claim for workers' compensation benefits with the North Carolina Industrial Commission (hereafter Industrial Commission) and on 20 August 1991, plaintiff signed an agreement for "final compromise settlement and release," a clincher agreement.

Plaintiff submitted the clincher agreement to the Industrial Commission who approved the agreement on 26 August 1991. After plaintiff had entered into an agreement with the Industrial Commission, plaintiff filed a claim for personal injury against defendant employer on 13 December 1991 pursuant to a case decided by the Supreme Court of North Carolina on 14 August 1991, *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

Defendant filed an answer 21 January 1992 pleading the clincher agreement as a bar to plaintiff's cause of action. The motion was heard on 11 May 1992 by Judge Caviness who granted defendant's motion for summary judgment as a matter of law. Plaintiff gave timely notice of appeal.

The dispositive issue before this Court is whether the trial judge erred by granting summary judgment as a matter of law against plaintiff.

Summary judgment is appropriately granted only where no disputed issues of genuine fact have been presented and the undisputed facts show that a party is entitled to judgment as a matter of law. *Minor v. Minor*, 70 N.C. App. 76, 318 S.E.2d 865, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). A defending party is entitled to summary judgment if the defendant can show that the claimant cannot prove the existence of an essential element of the claim or cannot surmount an affirmative defense which would bar the claim. *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 340 S.E.2d 510 (1986).

Here, the trial judge made findings of fact in this case and concluded as a matter of law that the release agreement signed by plaintiff barred an additional monetary recovery from defendant. "A trial judge is not required to make findings of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal." *Mosley v. Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147, *disc. review denied*, 295 N.C. 467, 246 S.E.2d 9 (1979). Therefore, upon review of this case, we will consider only the pleadings, affidavits

and supporting materials of the parties in our determination of whether a genuine issue of fact has been presented by plaintiff.

Plaintiff in this action filed a complaint alleging rights as set out in *Woodson*, 329 N.C. 330, 407 S.E.2d 222. In order to fully understand plaintiff's allegations, we consider the *Woodson* holding.

*Woodson*, 329 N.C. 330, 407 S.E.2d 222, involved a wrongful death action arising from a work-related cave-in which killed Thomas Alfred Sprouse. The plaintiff in the case was the administrator of Sprouse's estate. The plaintiff in *Woodson* filed a workers' compensation claim with the North Carolina Industrial Commission and civil claims against the employer and general contractor, simultaneously. The defendants filed a summary judgment motion on the theory that the Workers' Compensation Act shielded the employer from civil liability for intentional tort. On appeal, the Court of Appeals affirmed the decision of the trial court. Upon review of the matter, the Supreme Court opined that:

> [i]f Sprouse's death can only be considered accidental, defendants' summary judgment motions were properly allowed because Sprouse's death would fall within the Act's exclusive coverage, and no other remedies than those provided in the Act are available to plaintiff either against his employer or a co-worker. On the other hand, if the forecast of evidence is sufficient to show that Sprouse's death was the result of an intentional tort committed by his employer, then summary judgment was improperly allowed on the ground stated, because the employer's intentional tort will support a civil action. (Citations omitted.)

*Woodson*, 329 N.C. at 337, 407 S.E.2d at 226.

From the outset we note that plaintiff's injury occurred before *Woodson* was filed; however, *Woodson* is to be applied retroactively. *Dunleavy v. Yates Construction Co.*, 106 N.C. App. 146, 416 S.E.2d 193, *disc. review denied*, 332 N.C. 343, 421 S.E.2d 146 (1992). Therefore, we will consider this case according to the standard as set out in *Woodson*.

The Court in *Woodson* reasoned that:

> [f]rom the standpoint of the injured party, . . . an injury caused by the same conduct . . . [may be] both the result of an accident, giving rise to the remedies provided by the [Workers' Compensation] Act, and an intentional tort, making the exclusivity

provision of the Act unavailable to bar a civil action. (Citations omitted.)

*Woodson,* 329 N.C. at 349, 407 S.E.2d at 233.

In the instant case, defendant, through his pleadings and supporting materials, showed that the injury to plaintiff was solely accidental. On 21 January 1992, defendant moved for dismissal of the case and supported his motion with his answer and a release agreement. Defendant stated in his answer that "plaintiff was operating the machine [sic] that she was not operating the machine pursuant to the instructions that were given her, or that she was not operating the machine in a safe and prudent manner; . . . and that plaintiff was operating the machine under the influence of prescription medication, and that these acts constitute a bar to recovery." In addition, the agreement stated that plaintiff suffered an injury by accident when she accidently applied a hydraulic weight before removing her hand. Based on defendant's answer and the clincher agreement which stated that the injury was accidental, the burden then shifted to plaintiff to present a forecast of evidence to support her claim that the injury was also the result of an intentional tort committed by defendant employer. Plaintiff failed to produce supporting affidavits or any supporting materials as evidence to support her claim that her injury resulted from tortious conduct by defendant employer. If the defendant moving for summary judgment successfully carries his/her burden of proof, the plaintiff may not rely upon the bare allegations of his/her complaint to establish a triable issue of fact. *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E.2d 865 (1971). Considering the materials submitted to the court, we find that plaintiff has failed to present a genuine issue of fact sufficient to support a civil action against the employer for an intentional tort.

We note at this point that this case does not stand for the proposition that once a plaintiff signs a release agreement to settle a workers' compensation claim that plaintiff is automatically precluded from recovering pursuant to *Woodson* or that plaintiff is automatically admitting the injury was solely accidental to the exclusion of a claim against an employer for tortious conduct. Instead, we hold that if defendant uses his/her pleadings and supporting materials to negate an essential element of a *Woodson* claim, i.e., that the injury was solely accidental, *Id.,* 329 N.C. at 337, 407 S.E.2d at 226, then the burden shifts to plaintiff and plaintiff

will be required to produce a forecast of evidence to show that the injury is also due to the tortious conduct of the employer. *Dunleavy v. Yates*, 106 N.C. App. 146, 416 S.E.2d 193. These principles are basic principles of law pursuant to North Carolina General Statutes § 1A-1, Rule 56 (1991).

Since plaintiff's injury, based upon defendant's pleadings and supporting materials, can only be considered accidental, defendant's summary judgment motion was properly allowed and no other remedies other than those provided in the Act are available to plaintiff against her employer. *Woodson*, 329 N.C. at 337, 407 S.E.2d at 226. Consequently, plaintiff is limited to the amount received pursuant to the release agreement.

Accordingly, the decision of the trial court is affirmed.

Judge JOHN concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent from the majority's holding that the trial court properly granted defendant's motion for summary judgment. I instead conclude that the release signed by plaintiff, by its own terms, does not bar her from pursuing her *Woodson* claim and that the trial court erred by entering summary judgment against plaintiff.

In her complaint, plaintiff alleged that in the course of her employment with defendant she was injured by defendant's hydraulic drill press and that defendant knew the machine was unsafe and dangerous but still ordered plaintiff to operate it. Defendant moved for summary judgment pleading the "Agreement for Final Compromise Settlement and Release," which plaintiff signed, as a bar to plaintiff's action.

In order to prevail on a summary judgment motion, the moving party must meet the burden of establishing the lack of a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party meets this burden by (1) proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party (2) cannot produce evidence to support an essen-

tial element of his or her claim, or (3) cannot surmount an affirmative defense which would bar the claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982). If the moving party fails to carry this burden, the opposing party does not have to respond and summary judgment should be denied. *Brown v. Fulford*, 311 N.C. 205, 316 S.E.2d 220 (1984); *Steel Creek Development Corp. v. James*, 300 N.C. 631, 268 S.E.2d 205 (1980).

A release executed by an injured party based on valuable consideration is generally a complete defense to an action for damages for such injuries. *Miller v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 295, 435 S.E.2d 537 (1993). What a release means depends upon the executing parties' intent which is determined from the language used, the parties' situation and the objectives they sought to accomplish. *McGladrey, Hendrickson & Pullen v. Syntek Finance Corp.*, 92 N.C. App. 708, 375 S.E.2d 689, *disc. rev. denied*, 324 N.C. 433, 379 S.E.2d 243 (1989). When the circumstances surrounding the execution of the release are not in dispute and its terms are free from ambiguity, its meaning is for the court to determine. *Miller*, 112 N.C. App. at 301, 435 S.E.2d at 542. "Where a written agreement is explicit, the court must so declare, irrespective of what either party thought the effect of the contract to be." *McNair v. Goodwin*, 262 N.C. 1, 8, 136 S.E.2d 218, 223 (1964).

In the instant case, the release states in pertinent part:

NOW, THEREFORE, Loretta Owens, for and in consideration of the compensation payment herein recited and the medical benefits which shall be paid upon approval of the North Carolina Industrial Commission, the receipt of which is hereby acknowledged, does hereby remise, release and forever discharge the said W. K. Deal Printing, Inc. and Liberty Mutual Insurance Company of and from any and all and every manner of action and actions, cause or causes of action, suits, debts, dues and sums of money, judgments, demands and claims whatsoever, which against W. K. Deal Printing, Inc. and Liberty Mutual Insurance Company she ever had or may now have, or which her heirs, next of kin or personal representatives, or any other person whomsoever, hereafter can, shall or may have by reason *of or growing out of the terms and provisions of the North Carolina Workers' Compensation Act* on account of the alleged injury, which gives rise to this claim for compen-

sation, and for any other disability or medical expenses sustained by her.

(Emphasis added).

By its own terms, the release only bars plaintiff from pursuing any action under the terms of the Workers' Compensation Act, N.C. Gen. Stat. § 97. The release does not bar plaintiff from pursuing a tort action. *Woodson v. Rowland* held that when an employer intentionally engages in conduct which the employer knew was substantially certain to cause injury, the employee may pursue a civil action against the employer. *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). This conduct must be so egregious as to be tantamount to an intentional tort. *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 424 S.E.2d 391 (1993). The employee may also pursue any workers' compensation claims which arise from the same accident but is only entitled to one recovery. *Woodson*, 329 N.C. at 341, 407 S.E.2d at 228.

The release signed by plaintiff only addresses her claims under the Workers' Compensation Act and does not bar her from pursuing a *Woodson* tort action. Defendant thus failed to establish that it is entitled to judgment as a matter of law. Therefore the trial court erred in granting defendant's motion for summary judgment and this case must be reversed.

The majority's analysis is contrary to the Supreme Court's holding in *Woodson*. The majority reasons that because the release agreement states that plaintiff's injury was accidental, defendant has met its burden of proof and is entitled to summary judgment unless the plaintiff produces evidence her injury resulted from defendant's tortious conduct. In *Woodson*, however, the Supreme Court held that "accident" under the Workers' Compensation Act means " '(1) an unlooked for and untoward event which is not expected or designed by the injured employee; (2) a result produced by a fortuitous cause.' " *Woodson*, 329 N.C. at 348, 407 S.E.2d at 233 (quoting *Harding v. Thomas & Howard Co.*, 256 N.C. 427, 428, 124 S.E.2d 109, 110-11 (1962) ). The Court in *Woodson* then reasoned:

> From the standpoint of the injured party, an injury intentionally inflicted by another can nonetheless at the same time be an "unlooked for and untoward event . . . not expected or designed by the injured employee." *Harding*, 256 N.C. at

428, 124 S.E.2d at 110. It is, therefore, not inherently inconsistent to assert that an injury caused by the same conduct was both the result of an accident, giving rise to the remedies provided by the [Workers' Compensation] Act, and an intentional tort, making the exclusivity provision of the Act unavailable to bar a civil action.

*Woodson*, 329 N.C. at 349, 407 S.E.2d at 233.

*Woodson* clearly holds that a plaintiff's injury can be both an accident for the purposes of workers' compensation and the result of an intentional tort committed by the defendant employer. In the instant case, in order for defendant to prevail on its motion for summary judgment, it must negate plaintiff's allegation that its conduct was substantially certain to cause injury. *See Dunleavy v. Yates Construction Co., Inc.*, 106 N.C. App. 146, 416 S.E.2d 193, *disc. rev. denied*, 332 N.C. 343, 421 S.E.2d 146 (1992) (Summary judgment properly entered for the defendant when his forecast of evidence revealed his conduct did not manifest reckless disregard for the safety of the plaintiff nor did it amount to the intentional failure to carry out a duty of care owed to the plaintiff). Merely pleading the release signed by plaintiff is insufficient, since the release does not bar plaintiff from pursuing a tort action.

The majority concludes, however, that based upon the release and defendant's answer which alleged that plaintiff did not operate the hydraulic press properly, defendant had shifted the burden to plaintiff to produce evidence that her injury was the result of an intentional tort. Defendant's allegation stated:

[A]t the time the Plaintiff was operating the machine that she was not operating the machine pursuant to the instructions that were given to her, or that she was not operating the machine in a safe and prudent manner; that in addition thereto, it is alleged upon information and belief that the Plaintiff was operating the machine under the influence of prescription medication, and that these acts constitute a bar to any recovery.

The nonmoving party does not bear the burden of coming forward with evidence in support of his claim, however, until the moving party has offered evidence which negates that claim. *Mace v. Bryant Constr. Corp.*, 48 N.C. App. 297, 269 S.E.2d 191 (1980); *Butler v. Berkeley*, 25 N.C. App. 325, 213 S.E.2d 571 (1975); *Whitely v. Cubberly*, 24 N.C. App. 204, 210 S.E.2d 289 (1974). Defendant's

unverified allegation, upon which the majority relies, is an allegation of contributory negligence. Contributory negligence is not a defense to an intentional tort. *Jenkins v. North Carolina Dept. of Motor Vehicles*, 244 N.C. 560, 94 S.E.2d 577 (1956). Therefore, I conclude that defendant did not shift the burden over to plaintiff to supply evidence in support of her claim and that the trial court's entry of summary judgment against plaintiff should be reversed. I respectfully dissent.