FRANK ERNEST VAUGHAN, SR. AND WIFE, REBECCA B. VAUGHAN, PLAINTIFFS v. J. P. TAYLOR COMPANY, INC., DEFENDANT

No. 939SC753

(Filed 3 May 1994)

**Workers' Compensation § 62 (NCI4th)— employee injured while working on running machinery—no intentional misconduct by employer**

There was no genuine issue of material fact as to whether defendant employer engaged in intentional misconduct knowing such conduct was substantially certain to cause death or serious injury to plaintiff employee, and the trial court therefore properly granted summary judgment for defendant, where the evidence tended to show that plaintiff was asked to determine

VAUGHAN v. J. P. TAYLOR CO.

[114 N.C. App. 651 (1994)]

why a belt on a tobacco blending silo was not operating, but there was no evidence that plaintiff was instructed to repair the machine while it was running; defendant had an established "lock-out" safety procedure (a procedure for shutting down machines prior to repair) for working in or around the silos; plaintiff was aware of the lock-out procedure and of persons with lock-out capabilities; defendant had warning signs on the silo warning workers against working on the conveyer without locking out; plaintiff never asked his supervisor to lock out the silo prior to attempting a repair; and defendant had never received any OSHA citations for violations of safety regulations.

**Am Jur 2d, Workers' Compensation §§ 75-87.**

**What conduct is willful, intentional, or deliberate within workmen's compensation act provision authorizing tort action for such conduct. 96 ALR3d 1064.**

Appeal by plaintiffs from order entered 27 May 1993 by Judge B. Craig Ellis in Vance County Superior Court. Heard in the Court of Appeals 13 April 1994.

*Eugene C. Brooks, III for plaintiffs-appellants.*

*Young Moore Henderson & Alvis P. A., by David M. Duke and Dana H. Davis, for defendant-appellee.*

JOHNSON, Judge.

The facts pertinent for this appeal are as follows: Plaintiff, Frank Ernest Vaughan, Sr., was a maintenance mechanic for defendant, J. P. Taylor Company, Inc. As a maintenance mechanic, Mr. Vaughan worked in the prize room area of defendant's tobacco manufacturing plant. Mr. Vaughan was responsible for making minor repairs on the machinery, assisting the maintenance department with large repairs, assisting in changing presses, unstopping machinery and operating a forklift. It was also Mr. Vaughan's responsibility to arrive at the plant approximately one hour prior to the arrival of the first shift and turn on the machinery.

On 26 November 1990, Mr. Vaughan arrived at the plant and began turning on the machinery. After Mr. Vaughan turned on the blending silo, Mr. Vaughan's supervisor, Tom Abbott, noticed that the belt on the silo was not "running" and told Mr. Vaughan to check on the belt. Mr. Vaughan climbed the silo and determined

## VAUGHAN v. J. P. TAYLOR CO.

that a chain had fallen off its sprocket. Mr. Vaughan then attempted to put the chain back on the sprocket while holding onto a steel bar and balancing himself above the operating silo. While putting the chain on the sprocket, Mr. Vaughan's right foot slipped off a steel support onto a track where steel wheels roll and over which a chain moves together with an angle iron. Mr. Vaughan's right foot became caught under the steel wheels and was crushed. On 12 December 1990, part of Mr. Vaughan's right foot had to be amputated due to the injury.

On 8 October 1991, Mr. Vaughan and his wife, Rebecca B. Vaughan, filed a complaint against defendant seeking compensatory and punitive damages arising out of the accident which occurred on 26 November 1990. Plaintiffs alleged that defendant was knowledgeable of the dangerous condition which caused Mr. Vaughan's injury and that allowing the condition to exist amounted to intentional or reckless and wanton conduct on defendant's part. Defendant answered, denying that it was negligent and contending plaintiffs' claims were barred by the exclusive remedy provisions of the North Carolina Workers' Compensation Act. Defendant then filed a motion for summary judgment. The motion was heard before Judge B. Craig Ellis in Vance County Superior Court on 26 April 1993. By order dated 27 May 1993, Judge Ellis granted defendant's motion for summary judgment. From this order, plaintiffs appealed to our Court.

By plaintiffs' sole assignment of error, plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment, because a genuine issue of material fact exists as to whether defendant engaged in intentional misconduct knowing this conduct was substantially certain to cause death or serious injury to plaintiff Frank Vaughan.

Summary judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. North Carolina General Statutes § 1A-1, Rule 56 (1990). The moving party has the burden of establishing the lack of triable issues, and may meet this burden by proving that an essential element of the opposing party's claim is non-existent. All inferences of fact must be looked at in the light most favorable to the non-moving party. *Bailey v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 47, 434 S.E.2d 625

## VAUGHAN v. J. P. TAYLOR CO.

[114 N.C. App. 651 (1994)]

(1993). Thus, we must examine whether the forecast of evidence viewed in the light most favorable to plaintiffs, establishes that defendant intentionally engaged in misconduct substantially certain to cause injury or death.

Our Supreme Court in *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991) held that an employee may pursue a civil action against an employer "when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct. . . ." *Id.* at 340, 407 S.E.2d at 228. The Court recognized that "actions against employers must be grounded on more aggravated conduct than actions against co-employees." *Id.* at 342, 407 S.E.2d at 229. Any conduct less than substantial certainty is insufficient to hold an employer liable. *Id.*

Recently in *Pendergrass v. Card Care*, 333 N.C. 233, 424 S.E.2d 391 (1993), our Supreme Court addressed the allegations of an employee ordered to work on dangerous parts of an unguarded machine in violation of OSHA regulations and industry standards. In finding that the allegations were insufficient to meet the substantial certainty standard for employers, the Court opined that "[t]he conduct must be so egregious as to be tantamount to an intentional tort." *Id.* at 239, 424 S.E.2d at 395.

In the case *sub judice*, we find that the forecast of evidence, even when viewed in the light most favorable to plaintiffs, fails to establish that defendant engaged in intentional misconduct. The forecast of evidence tends to show the following: Mr. Vaughan was asked to determine why the belt on the silo was not operating; however, there is no evidence that Mr. Vaughan was instructed to repair the machine while the silo was running. Defendant has an established "lock-out" safety procedure (a procedure for shutting down machines prior to repair) for working in or around the silos. Mr. Vaughan was aware of the "lock-out" procedure, and of the persons who had lock-out capabilities. Defendant had warning signs affixed to the silo cautioning workers against working on the conveyer without "locking-out." Mr. Vaughan never asked his supervisor, Tom Abbott, to "lock-out" the silo prior to attempting to repair the silo. We also note that defendant has never received any OSHA citations for violations of safety regulations.

From this forecast of evidence, we cannot find that defendant intentionally engaged in conduct which was substantially certain

to cause injury or death. The trial court correctly granted defendant's motion for summary judgment.

The decision of the trial court is affirmed.

Judges WELLS and JOHN concur.