MAXINE F. McCORKLE, General Guardian for NICK McCORKLE, JR., Plaintiff v. AEROGLIDE CORPORATION, RAYMOND BARBOUR, and LUTHER DAVIS, Defendants

No. 9310SC755

(Filed 2 August 1994)

**Workers' Compensation § 69 (NCI4th)— workplace accident— no wanton negligence of co-employee—no misconduct of employer**

In an action to recover for injuries sustained in a workplace accident, there was no merit to plaintiff's contention that the employee's supervisor, a co-employee, was wantonly negligent because he knew operation of a single-foot operated brake-press by two persons when only one person could stop operation of the machine was likely to result in serious injury, since the brake-press was in fact designed for use by one or two persons and so operation by two persons was not likely to result in injury; there had never been any prior accidents nor had employer been cited for any OSHA violations involving these machines; and the accident resulted from the employee's own negligence in that he was using the machinery with his hands improperly placed and after having been instructed by the supervisor not to use the machine at all. Furthermore, the employee's *Woodson* claim against employer must fail as well, since a higher degree of negligence is required of the employer than of a co-employee, and plaintiff could not even meet the requirements to show wanton negligence of the co-employee.

**Am Jur 2d, Workers' Compensation §§ 100, 101, 254.**

**Willful, wanton or reckless conduct of co-employee as ground of liability despite bar of workers' compensation law. 57 ALR4th 888.**

Appeal by plaintiff from order entered 31 March 1993 by Judge J. B. Allen, Jr. in Wake County Superior Court. Heard in the Court of Appeals 13 April 1994.

McCORKLE v. AEROGLIDE CORP.

[115 N.C. App. 651 (1994)]

*Carol M. Schiller for plaintiff-appellant.*

*Cranfill, Sumner & Hartzog, by David H. Batten and C.D. Taylor Pace, for defendant-appellee Aeroglide.*

*Maupin Taylor Ellis & Adams, P.A., by John T. Williamson and James C. Dever, III, for defendant-appellees Barbour and Davis.*

JOHN, Judge.

In this case involving a workplace injury, plaintiff contends the trial court erred by granting defendants' motions for summary judgment. We disagree.

On 19 May 1989, Nick McCorkle, Jr. (Nick) was injured when his hands were caught in a brake-press machine at the Cary, N.C. sheet metal plant of his employer, defendant Aeroglide Corporation (Aeroglide). Brake-press machines are utilized by Aeroglide to form metal into various shapes and angles. Defendant Barbour was Nick's supervisor and defendant Davis was an Aeroglide employee whose job was to repair and maintain production equipment, including the brake-press machines. As a result of the accident, Nick applied for and received workers' compensation benefits.

Plaintiff, Nick's wife and general guardian, brought the instant action on 14 May 1992 seeking to recover damages in her representative capacity for Nick's injuries. She alleged that defendants Aeroglide and Barbour were wantonly negligent by requiring more than one employee to work on the brake-press machine when they knew or should have known such operation would result in serious injury. Plaintiff further set forth claims against defendants Aeroglide and Davis based upon (1) negligent manufacture and (2) breach of implied warranty.

On 31 March 1993, after considering the pleadings, affidavits, discovery, and arguments of the parties, the trial court granted each defendant's motion for summary judgment.

I.

Plaintiff assigns error to the entry of summary judgment in favor of defendants. Summary judgment is proper only when there is no genuine issue of material fact and the undisputed facts establish that a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). Defendants, as the moving parties, must establish the lack of any triable issue. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C.

McCORKLE v. AEROGLIDE CORP.

[115 N.C. App. 651 (1994)]

57, 62-63, 414 S.E.2d 339, 341-42 (1992). They may meet this burden by showing (1) an essential element of plaintiff's claim is nonexistent; (2) discovery indicates plaintiff cannot produce evidence to support an essential element; or (3) plaintiff cannot surmount an affirmative defense. *Roumillat*, 331 N.C. at 63, 414 S.E.2d at 342. Once defendants have successfully made such a showing, plaintiff must come forward with a forecast of evidence tending to show the existence of a *prima facie* case. *Id.* As plaintiff is the non-moving party, the reviewing court must consider all the evidence in the light most favorable to her. *Id.*

In the case *sub judice*, defendants argue the evidence fails to support any of plaintiff's claims for relief. They rely primarily upon the contention that the Workers' Compensation Act, N.C.G.S. § 97-1 to -101 (1991) (the Act), provides an exclusive remedy for plaintiff's injuries. *See* G.S. §§ 97-9 and -10.1 (if plaintiff is attempting to recover from his employer or a co-worker for injuries suffered in a workplace "accident," the Act provides an exclusive remedy); *see also Hicks v. Guilford County*, 267 N.C. 364, 148 S.E.2d 240 (1966) (employer) and *Strickland v. King*, 293 N.C. 731, 239 S.E.2d 243 (1977) (co-employee). Plaintiff responds that the exclusivity provisions of the Act are inapplicable because Nick's accident is governed by the common-law exceptions enunciated in *Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985) and *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991).

## II. *Wanton Conduct of Aeroglide and Barbour*

The first two counts of plaintiff's complaint allege that Aeroglide and Barbour were wantonly negligent *because they knew operation of the single-foot operated brake-press by two persons, when only one person could stop operation of the machine, was likely to result in serious injury.* Because the conduct of Barbour and Aeroglide must be reviewed under different standards, we examine each separately.

### A. *Barbour*

[1] At the time of plaintiff's accident, Barbour was employed as a layout supervisor at Aeroglide and served as plaintiff's immediate supervisor. As such, Barbour qualifies as a "co-employee" for purposes of workers' compensation. *See Dunleavy v. Yates Construction Co.*, 106 N.C. App. 146, 154, 416 S.E.2d 193, 198, *disc. review denied*, 332 N.C. 343, 421 S.E.2d 146 (1992).

McCORKLE v. AEROGLIDE CORP.

[115 N.C. App. 651 (1994)]

In *Pleasant v. Johnson,* our Supreme Court addressed the issue of co-employee liability for willful, wanton and reckless negligence. The Court noted the well-established principle that the Act will not bar a common-law action based upon "intentional injury." *Pleasant,* 312 N.C. at 713, 325 S.E.2d at 247. Equating willful, wanton and reckless negligence with intentional injury for purposes of the Workers' Compensation Act, the Court held: "the Workers' Compensation Act does not shield a co-employee from common law liability for willful, wanton and reckless negligence." *Id.* at 716, 325 S.E.2d at 249. "Wanton" and "reckless" conduct is conduct "manifesting a reckless disregard for the rights and safety of others." *Id.* at 714, 325 S.E.2d at 248. "Willful negligence" is "the intentional failure to carry out some duty imposed by law or contract which is necessary to the safety of the person or property to which it is owed." *Id.* Barbour having moved for summary judgment, we must consider whether his evidence (considered in the light most favorable to plaintiff) meets the test of *Roumillat,* thereby indicating the absence of any triable issue and shifting the burden to plaintiff.

According to Barbour, the brake-press upon which Nick was injured was purchased in approximately 1965 from the Dreis & Krump manufacturing company, and utilized a single foot pedal which permitted the press operator to stop the machine and avoid injury. The machine was designed for use by one or two persons and to accommodate sheet metal up to twelve feet in length. In those instances when the size and weight of a piece of sheet metal are too cumbersome for one person to handle, a helper is to assist the brake-press operator. Operators have been instructed to hold the sheet metal "palms upward" and to keep their hands clear of the press.

In 1976, OSHA officials and Aeroglide began discussing additional safety features for the brake-press, and in 1979 OSHA approved a protective screen designed to prevent workers from falling into the machine. No evidence indicates Aeroglide was ever cited for violation of any safety standards with regard to these machines. Indeed, affidavits from both the president of Aeroglide and a Dreis & Krump vice-president asserted the brake-press in question was in compliance with all applicable OSHA standards. The president of Aeroglide further stated that to his knowledge no Aeroglide employee had ever been injured while operating a brake-press.

Barbour's evidence further revealed Nick was a skilled brake-press operator with approximately 17 years experience. However,

McCORKLE v. AEROGLIDE CORP.

[115 N.C. App. 651 (1994)]

Nick's health had been deteriorating for some time and, as a result, he had been transferred from his position as press operator to that of helper. On the day prior to the accident, Nick had been observed to be unsteady and Barbour removed him from the job of helper until further notice. On 19 May 1989, Nick disregarded Barbour's instructions and began working as a helper. When the brake-press operator noticed Nick's hands in the machinery, he quickly stopped the press operation, thereby avoiding amputation of Nick's fingers. At this time, Nick's hands were in an incorrect "palm downward" position, in violation of Aeroglide's instructions.

Based upon this forecast of evidence, Barbour met his burden of showing the non-existence of an essential element of plaintiff's claim, namely, that Barbour's conduct was "willful, wanton and reckless." In fact, Barbour's evidence, even when viewed in the requisite light, shows that operation of the brake-press by two persons was not likely to result in injury because it actually was designed for operation by one or two persons, and there had neither been any prior accidents nor had Aeroglide been previously cited for any OSHA violations involving these machines. Further, Barbour's evidence indicates the accident resulted from Nick's own misconduct, *i.e.*, Nick was utilizing the brake-press not only with his hands improperly placed, but after having been instructed by Barbour not to use the machine at all. Even in the light most favorable to plaintiff, therefore, it simply does not appear that Barbour's conduct was in manifest reckless disregard of the rights and safety of Nick nor does it appear Barbour intentionally failed to carry out some duty owed to Nick. *See Pleasant*, 312 N.C. at 714, 325 S.E.2d at 248; *see also Dunleavy v. Yates Construction Co.*, 106 N.C. App. at 156, 416 S.E.2d at 199.

As a result of Barbour's successful showing, the burden shifted to plaintiff to present evidence in refutation. *Dunleavy*, 106 N.C. App. at 156, 416 S.E.2d at 199. Plaintiff's presentation focused primarily on the lack of a protective screen which would have shielded workers from injury. Although there exists an issue of fact as to whether this screen actually was attached to the brake-press at the time of Nick's accident, plaintiff's complaint contains no allegation that Barbour (or Aeroglide) was wantonly negligent in failing to require the screen. The complaint alleges wanton negligence only by allowing the machine to be operated by two workers when it had but one brake. Plaintiff's failure to plead negligence based upon the lack of a protective screen permits us to decline to address whether this alleged negligent act would support a cause of action under *Pleasant*. *See*

*Manning v. Manning*, 20 N.C. App. 149, 154-55, 201 S.E.2d 46, 50-51 (1973).

Nonetheless, even had failure to maintain the protective screen been properly pled, Barbour's conduct did not meet the requisite level of culpability. In *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 424 S.E.2d 391 (1993), our Supreme Court reviewed a N.C.R. Civ. P. 12(b)(6) dismissal of a complaint alleging plaintiff had suffered injury after being instructed by two co-employees to work on a dangerous machine. Mr. Pendergrass claimed his co-employees were wantonly negligent in directing him to work at the machine when they knew (1) certain dangerous parts of the machine were unguarded and that (2) the failure to have necessary guards in place violated OSHA regulations. *Pendergrass*, 333 N.C. at 238, 424 S.E.2d at 394. The Supreme Court nevertheless held these allegations insufficient to set out a cause of action under *Pleasant. Id.*

Barbour's conduct in the case *sub judice* manifests less culpability than that of the *Pendergrass* defendants. One fundamental difference is that Nick was specifically instructed by Barbour *not* to use the brake-press, while the *Pendergrass* defendants allegedly ordered the plaintiff to operate the machine in question. The allegations in *Pendergrass* being insufficient to plead a cause of action under the *Pleasant* standard, the "kinder, gentler" evidence of the case *sub judice,* even when viewed in the light most favorable to plaintiff, does not raise an issue of fact regarding wanton negligence on the part of Barbour. Plaintiff, therefore, failed to meet her burden under *Roumillat* of showing a *prima facie* case, and the trial court properly allowed summary judgment as to plaintiff's claim of wanton negligence against Barbour.

### B. *Aeroglide*

In *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991), our Supreme Court held an employee may pursue a civil action against his employer "when [the] employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct . . . ." *Id.* at 340, 407 S.E.2d at 228. The conduct must be so egregious as to be tantamount to an intentional tort. *Id.* The *Woodson* test is a higher degree of negligence than the "willful, wanton and reckless" standard applicable to co-employees under *Pleasant. Pendergrass*, 333 N.C. at 239, 424 S.E.2d at 395.

## McCORKLE v. AEROGLIDE CORP.

[115 N.C. App. 651 (1994)]

Plaintiff's claim against Aeroglide utilizes the same contentions of negligence relied upon as against Barbour. We have already determined the evidence does not support plaintiff's cause of action against Barbour under the more lenient *Pleasant* standard. Consequently, plaintiff's *Woodson* claim against Aeroglide necessarily fails. *See Pendergrass*, 333 N.C. at 239-40, 424 S.E.2d at 395.

We further note substantial similarity between the case *sub judice* and our recent decision in *Vaughn v. J.P. Taylor*, 114 N.C. App. 651, 442 S.E.2d 538 (1994). In *Vaughn*, the plaintiff suffered injury on a machine after he ignored established safety procedures, and we held plaintiff's evidence failed to meet the *Woodson* standard. *Vaughn*, 114 N.C. App. at 654-55, 442 S.E.2d at 540. Here, Nick also ignored established safety procedures by handling the sheet metal with his hands in an incorrect position, and, more significantly, ignored his supervisor's safety concerns by working on the brake-press in contravention of a specific direction not to do so. As in *Vaughn*, it appears here that Nick's injuries were primarily the result of his own conduct. *See also Hooper v. Pizzagelli Construction Co.*, 112 N.C. App. 400, 409, 436 S.E.2d 145, 151 (1993) (in dismissing a *Woodson* claim, we noted there was no evidence the employer had directed the plaintiff to use a dangerous scaffold), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 516 (1994). There was no error in allowing summary judgment as to the *Woodson* claim against Aeroglide.

### III. *Negligent Manufacture*

Count Three of plaintiff's complaint alleges Aeroglide and Davis negligently "manufactured" the brake-press machine in that they neglected to: (1) add a second brake pedal; (2) give proper instructions; or (3) add a guard-rail. Plaintiff argues that defendants' addition of a protective screen to the brake-press transformed defendants into "manufacturers" of the machine. An identical argument was repudiated by our Supreme Court in *Pendergrass v. Card Care, Inc.*, 333 N.C. 233, 238-39, 424 S.E.2d 391, 394-95 (1993). We are bound by *Pendergrass* and consequently reject plaintiff's assignment of error as to this claim.

### IV. *Breach of Implied Warranty*

Plaintiff's final contention is that Aeroglide and Davis, as manufacturers of the brake-press, breached an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. We conclude this argument is unfounded.

Under both N.C.G.S. § 25-2-314 (1986) (warranty of merchantability) and N.C.G.S. § 25-2-315 (1986) (warranty of fitness for a particular purpose), only a "seller" can be sued for breach of the alleged warranties. A seller is defined as "a person who sells or contracts to sell goods." N.C.G.S. § 25-2-103 (1986). Just as the evidence fails to support a conclusion that either Aeroglide or Davis were "manufacturers," *see* discussion *supra* part III, neither does it support a conclusion these defendants were "sellers." Absolutely no evidence tends to show either defendant sold, or was in the business of selling, brake-press machines.

Based upon the foregoing reasons, entry of summary judgment by the trial court in favor of all defendants is affirmed.

Judges WELLS and JOHNSON concur.

Judge WELLS concurred prior to 30 June 1994.